

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,964-01

### EX PARTE LAMARCUS TURNER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. D-1-DC-14-300921-A IN THE 147TH DISTRICT COURT
### FROM TRAVIS COUNTY

*Per curiam*. YEARY, J., filed a dissenting opinion in which KELLER, P.J., joined only as to Part I. KEEL, AND SLAUGHTER, JJ. dissented.

### O P I N I O N

Applicant pleaded guilty to possession of a controlled substance with intent to deliver cocaine and was sentenced to ten years' imprisonment pursuant to a plea bargain. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea was involuntary because new scientific evidence reveals that inconclusive and unreliable DNA evidence was relied upon to secure his plea. The State and the habeas court both agree that he is entitled to relief on the basis of Texas Code of Criminal Procedure Article 11.073 and an involuntary plea.

We agree. Relief is granted. *Brady v. United States*, 397 U.S. 742 (1970); TEX. CODE CRIM. PROC. art. 11.073. The judgment in cause number D-1-DC-14-300921 in the 147th District Court of Travis County is set aside, and Applicant is remanded to the custody of the Sheriff of Travis County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: December 15, 2021
Do not publish